

**NUMBER 13-16-00554-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE SUNCOAST A/C & REFRIGERATION
AND LARRY J. FITTING**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam[1]**

Relators Suncoast A/C & Refrigeration and Larry J. Fitting have filed a petition for

writ of mandamus seeking to set aside an October 10, 2016 order granting motions to

strike the designation of a responsible third party filed by the real parties in interest, David

L. Gadola, William Hellerstedt, Robert Hellerstedt, Thomas Hellerstedt, Chris Moshier,

Cheryl Gustafson, Karen House, Mary Gryz, Nancy Moen, and the Estate of Geradine

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Hellerstedt. By motion for temporary relief, relators seek to stay the trial of this cause which began on October 10, 2016 with evidence scheduled to open on October 13, 2016.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, No. 15-0328, 2016 WL 3537206, at *2, __ S.W.3d __, __ (Tex. June 24, 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004)) (orig. proceeding). The adequacy of a remedy by appeal in cases pertaining to the designation of responsible third parties "depends heavily upon the circumstances presented." *Id.*; *see In re CVR Energy, Inc.*, No. 01-15-00877-CV, 2016 WL 3544883, at **10–11, __ S.W.3d __, __ (Tex. App.—Houston [1st Dist.] June 28, 2016, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not shown themselves entitled

to the relief sought.  Accordingly, we DENY the petition for writ of mandamus and the motion for temporary relief.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed this
11th day of October, 2016.