**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00311-CV**
_____

**IN RE VECTOR CONTRACTING, INC.**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-203,616**

**MEMORANDUM OPINION**

Relator Vector Contracting, Inc. ("Vector" or "Relator") filed a petition for writ of mandamus, in which it argues that the trial court erred in refusing to allow it to designate a responsible third party. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004. For the reasons explained herein, we conditionally grant Vector's petition for writ of mandamus.

BACKGROUND

Vector is the named defendant in a wrongful death lawsuit filed by Timothy Dwayne Schneider, individually and o/b/o The Estate of Clarissa Deanna Schneider,

Deceased, and Karri Scott, James White, and Margaret White ("the Schneiders"). The lawsuit arises from an automobile accident that occurred when a vehicle driven by Jairo Avila collided with a vehicle driven by Clarissa Schneider. According to the petition, Clarissa Schneider was killed in the accident and her husband Timothy Dwayne Schneider, who was riding in the back seat, was injured in the accident. The Schneiders sued Vector alleging that Avila was acting in the course and scope of his employment with Vector at the time of the accident, Avila was negligent and disregarded a stop sign, Vector is vicariously liable for the negligence of Avila, and Vector is liable for its own negligence in "its background check, training and supervision of Avila and in retaining him as an employee when they knew, or should have known, he had a propensity to drive recklessly."

According to Vector, Avila's personal insurance company has settled the case on behalf of Avila with the Schneiders, and Vector timely filed a motion for leave to designate Avila as a responsible third party. The Schneiders did not file an objection to Vector's motion to designate Avila as a responsible third party. The trial court denied Vector's motion and ruled that Avila's percentage of fault would be submitted to the jury as a settling party. In its Petition for Mandamus, Vector asserts that because the language of section 33.004 of the Texas Civil Practice and Remedies Code is mandatory and the Schneiders did not file an objection, the trial judge abused

his discretion by denying Vector's motion for leave to designate Avila as a responsible third party. Vector contends that section 33.004 of the Texas Civil Practice and Remedies Code imposes a mandatory duty on the trial court to grant a timely request to designate a responsible third party when another party does not file an objection. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004. Vector argues that simply because Avila may also be a settling party under section 33.003 of the Texas Civil Practice and Remedies Code does not render section 33.004 superfluous. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003, 33.004.

In response to Vector's Petition for Mandamus, Schneider argues that the question of whether Avila is called a "settling person" or "responsible third party[]" "is a distinction without a difference[.]" According to Schneider, the Legislature provided two mechanisms for submitting a non-party's responsibility to the trier of fact: sections 33.003 and 33.004 of the Texas Civil Practice and Remedies Code. Specifically, Schneider contends that while section 33.003 requires the trial court to submit a settling person's responsibility to the jury, section 33.004 governs responsible third parties and it "allows a designation that can later be stricken if there is insufficient evidence to establish liability and does not create a mandatory submission of responsibility to the jury." According to Schneider, once a person has been determined to be a settling person, "any further efforts to force or prevent

submission of the settled person to the jury are moot." Schneider characterizes this proceeding as "solely a dispute about nomenclature" and notes that the issue of Avila's proportionate responsibility will be submitted to the jury because Avila is a settling party. Schneider also argues that Vector has failed to show that it lacks an adequate remedy on appeal.

Vector argued in its Petition for Mandamus that Avila was not acting in the course and scope of his employment at the time of the accident, and Vector argues that the facts in the underlying suit will establish that Vector has no vicarious liability for the negligence, if any, of Avila. Vector contends that the Schneiders "apparently believe a designation of Mr. Avila as a responsible third party may have some bearing at trial or on appeal after a trial on the determination of potential vicarious liability for Relator[]" and therefore "it is necessary for Relator to obtain a designation of Mr. Avila as a responsible third party under § 33.004."[1]

ANALYSIS

To prevail on its petition for writ of mandamus, Vector must demonstrate that the trial court clearly abused its discretion and that it has no adequate appellate

---

[1] The Schneiders do not address this specific allegation in their response. But, the Schneiders state in their response that in the end "it makes no difference whether the trier of fact determines [Avila's] percentage of responsibility as a settling party or responsible third party."

4

remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The trial court abuses its discretion if it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion when its ruling is "'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding)).

We find *In re Coppola*, 535 S.W.3d 506 (Tex. 2017) (orig. proceeding) (per curiam) to be instructive. *In re Coppola* was a mandamus case concerning a trial court's denial of the defendant's attempt to designate a responsible third party. *Id.* at 507. Therein, the Supreme Court concluded the trial court abused its discretion in denying the motion and it also held the defendant lacked an adequate remedy by appeal. *Id.* at 508, 510. The Supreme Court stated that "[a]llowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record.'" *Id.* at 509 (second alteration in original) (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81-82 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (op. on reh'g). The Court held that "ordinarily, a relator need only establish a trial court's

abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *Id.* at 510; *see also In re Dawson*, 550 S.W.3d 625, 630-31 (Tex. 2018) (orig. proceeding).

Section 33.003 of the Texas Civil Practice and Remedies Code provides that the trier of fact shall determine the percentage of responsibility for each claimant, each defendant, each settling person, and each responsible third party who has been designated under section 33.004. Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a). A "settling person" is defined as "a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury . . . or other harm for which recovery of damages is sought." *Id*. § 33.011(5). A "responsible third party" is defined as

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id*. § 33.011(6). Under section 33.004(a), a defendant may seek to designate a person as a responsible third party by filing a motion for leave to do so on or before the sixtieth day before trial, unless the trial court finds good cause for allowing it to be filed at a later date. *Id*. § 33.004(a). Section 33.004(f) states that "[a] court shall grant leave to designate the named person as a responsible third party unless another party

6

files an objection to the motion for leave on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). The language of section 33.004 "imposes a mandatory duty requiring a court to grant a motion for leave to designate responsible third parties if the request is filed at least sixty days before the trial date." *In re United Parcel Serv., Inc.*, No. 09-18-00002-CV, 2018 WL 753503, at \*5 (Tex. App.—Beaumont Feb. 8, 2018, orig. proceeding) (per curiam) (mem. op.); *see also* Tex. Gov't Code Ann. § 311.016(2) (providing that the word "shall" in a statute imposes a duty). According to the record before us, the Schneiders did not file a written objection to the motion to designate Avila as a responsible third party.[2]

The definition of a "responsible third party" does not by its plain terms exclude a "settling party" from being named as a "responsible third party." If the Texas Legislature had intended to exclude a "settling party" from being designated as a "responsible third party" it could have included language within the definition

---

[2] A party may also file a challenge to the sufficiency of the evidence to support the designation of a responsible third party after there has been adequate time for discovery in a case. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(*l*). Specifically, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *Id.* The trial court is required to grant the motion to strike "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.*

of a "responsible third party" to exclude a "settling party" or it could have included similar exclusionary language or exceptions in section 33.004. "[T]here is nothing logically inconsistent with a person being both a settling person and responsible third party." *In re CVR*, 500 S.W.3d at 78 n.11; *see also* Tex. Gov't Code Ann. § 311.021(2) (providing that courts presume that in enacting a statute, the Legislature intended the entire statute to be effective). "A person could potentially fall within the definitions of both settling person and responsible third party, and the Legislature included no language in Chapter 33 indicating otherwise." *MCI Sales and Serv., Inc. v. Hinton*, 329 S.W.3d 475, 503 (Tex. 2010).

We conclude the trial court abused its discretion in denying Vector's motion to designate Avila as a responsible third party. Ordinarily, a defendant is entitled to mandamus relief when a trial court erroneously prevents it from designating a responsible third party. *See In re Coppola*, 535 S.W.3d at 510. On the record now before us, we conclude that Vector has presented adequate grounds for relief by mandamus. Accordingly, without hearing oral arguments, we conditionally grant the writ. It shall issue only if the trial court fails to comply with this opinion. *See* Tex. R. App. P. 52.8(c).

8

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on October 3, 2019
Opinion Delivered October 31, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.