

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00021-CV

IN RE PVF INDUSTRIAL SUPPLY, INC.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Relator, PVF Industrial Supply, Inc., has filed a petition for a writ of mandamus seeking relief against Respondent, the Honorable Craig L. Henry, presiding judge of the Bowie County Court at Law, due to his denial of PVF's motion for leave to designate a responsible third party in the underlying lawsuit. Because PVF's motion should have been granted, and because PVF does not have an adequate appellate remedy, we conditionally grant PVF's petition for a writ of mandamus.

## I. Factual and Procedural Background

This matter involves a personal injury lawsuit. On April 26, 2022, Faith Lawson, the driver of a United Parcel Service, Inc. (UPS) delivery van, was struck while she was parked by a truck driven by Christopher J. Hudspeth, Jr. Hudspeth was acting within the course and scope of his employment with PVF during the accident. On February 23, 2024, Lawson sued Hudspeth and PVF before the statute of limitations expired on April 26, 2024.

PVF's initial disclosures were not due until after the statute of limitations passed. Because discovery was pending, PVF's initial disclosures stated that it believed the parties in the lawsuit were correctly named. However, during discovery, PVF learned that Lawson was parked partially in the street and within the lane of travel during the collision, even though she allegedly had sufficient room to pull into the driveway of the business she was delivering packages to. During Lawson's July 30, 2025, deposition, which was not certified until August 13 by the court reporter, PVF learned that Lawson was not provided with any written training materials but parked where she did due to her training.

2

On October 2, 2025, PVF filed a motion to designate UPS as a responsible third party and alleged that UPS negligently trained and supervised Lawson in "failing to instruct its employees not to park in the lane of traffic in violation of the Texas Transportation Code and failure to establish safety and risk management protocols and procedures when safe parking is not available." PVF also supplemented its initial disclosures to identify UPS as a potential party. Lawson objected to PVF's designation motion on the ground that the statute of limitations expired on April 26, 2024.

On November 18, 2025, the trial court denied PVF's motion because it "did not list any responsible third party in its initial disclosures."

## II.     Standard of Review

"Mandamus relief is warranted when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal." *In re YRC Inc.*, 646 S.W.3d 805, 808 (Tex. 2022) (per curiam) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). When a trial court errs by denying a motion for leave to designate a responsible third party, mandamus relief is appropriate because "[a]llowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record.'" *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (per curiam) (orig. proceeding) (second alteration in original) (quoting *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied])).

3

## III.    Analysis

"By special definition, a 'responsible third party' is 'any person who is alleged to have caused or contributed to causing in anyway the harm for which recovery of damages is sought.'" *Id.* at 508 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6)).

> A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Here, because no trial date has been set, PVF's motion was timely.

"A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f). Even when an objection is filed,

> the court *shall* grant leave to designate the person as a responsible third party unless the objecting party establishes:
>
> (1)    the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>
> (2)    after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g) (emphasis added).

4

Here, Lawson's objection to PVF's motion did not argue that PVF failed to plead sufficient facts concerning UPS's alleged responsibility.  Instead, Lawson argued that PVF could not designate a responsible third party due to the language of Section 33.004(d), which states,

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d).  Yet, the plain language of Section 33.004(d) shows that it did not apply.  This is so because PVF did not fail to comply with its obligations regarding timely disclosure.  Its initial disclosures were not due until after the statute of limitations expired, and its supplemental disclosures identifying UPS as a responsible third party were based on what it learned during discovery.

In *In re Mobile Mini, Inc.*, the Supreme Court of Texas held that Section 33.004(d) does not deprive a defendant of its statutory right to designate a potential responsible third party where its discovery responses are due after limitations have run on the plaintiff's claims.  *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784–87 (Tex. 2020) (per curiam) (orig. proceeding).  The Supreme Court of Texas explained,

> Because a timely disclosure in accordance with the Texas Rules of Civil Procedure is all that is required of the defendant under the statute, requiring an earlier disclosure in suits filed mere days before the expiration of the statute of limitations is repugnant to the statutory language, unfairly burdens defendants, and skews the legislatively determined balance of interests.

*Id.* at 786–87.

5

Also, Section 33.004(d) does not apply here for another reason. The "Legislature's goal—evident from the statutory text—[is to] prevent[] a defendant from delaying a third-party designation beyond the limitations period in order to deprive the plaintiff of an opportunity to sue the third party." *In re YRC Inc.*, 646 S.W.3d at 809. UPS is a subscriber to workers' compensation, and "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . for . . . a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a). Lawson received workers' compensation benefits. The Supreme Court of Texas has found that there is "no applicable limitations period for the plaintiff to join [a] third-party employer as a defendant on [a] tort cause of action [where the employer's] exclusive remedy . . . was workers' compensation." *In re YRC Inc.*, 646 S.W.3d at 807.[1] As a result, Section 33.004(d) does not bar a third-party designation against UPS.

We find that PVF has met the requirements to obtain mandamus relief from the trial court's order denying its motion for leave to designate a responsible third party.

---

[1] When asked for a response to PVF's petition for a writ of mandamus, Lawson wrote that, in light of *In re YRC Inc.*, she finds a "motion for rehearing more appropriate, and would have consented to the same." As a result, Lawson's response "prays for an order granting relief for which this Court deems appropriate."

**IV.    Conclusion**

We conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its November 18, 2025, order denying PVF's motion for leave to designate a responsible third party.  The writ will issue only if the trial court fails to comply with this Court's directive.


Charles van Cleef
Justice


Date Submitted:     March 10, 2026
Date Decided:       March 11, 2026