# IN THE SUPREME COURT OF TEXAS

════════════
No. 16-0134
════════════

ALLWAYS AUTO GROUP, LTD. D/B/A ATASCOSA
CHRYSLER DODGE JEEP RAM, PETITIONER,

v.

STEVEN WALTERS, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

Petitioner auto dealer, Allways Auto Group, Ltd. d/b/a Atascosa Chrysler Dodge Jeep Ram, provided William John Heyden a loaner vehicle. Heyden had been drinking at the time. Eighteen days later, Heyden drove the loaner into a truck driven by respondent Steven Walters. Heyden was legally intoxicated. Walters sued Allways for negligent entrustment. Allways moved for summary judgment on the ground that "an accident that occurs eighteen days after entrustment is too attenuated to constitute legal cause" (initial caps omitted). The trial court granted the motion, and Walters appealed. The court of appeals reversed and remanded, concluding that fact issues regarding proximate cause remained. 484 S.W.3d 219, 226–28 (Tex. App.—Corpus Christi–Edinburg 2016). We agree with the trial court and accordingly reverse the judgment of the court of appeals and reinstate summary judgment for Allways.

On August 21, 2012, Heyden, a thirty-year-old oil-field worker, purchased a 2008 Dodge Caliber from Allways in Pleasanton, Texas, a small town some thirty-five miles south of San Antonio in the heart of the Eagle Ford Shale play. Heyden did not have a valid driver's license in his possession but persuaded the salesman to accept a photocopy he had made of a prior Illinois license. Two days later, the vehicle broke down, and Heyden called Allways to tow it to the dealership for repairs. Meanwhile, he drank a six-pack of beer. Heyden testified he was drunk when he arrived at Allways, but the salesman testified that Heyden did not seem to be impaired in any way. Heyden produced proof of insurance, and the salesman gave Heyden a loaner, a 2012 Dodge Ram 1500 pickup, to use while his Caliber was being repaired.

Repairs were delayed. On September 10, after Heyden had been driving the loaner for eighteen days, he lost his job, bought a fifth of whiskey and a twelve-pack of beer, and drank both while driving around aimlessly. At 1:08 p.m., Heyden was driving across a two-lane bridge over the Frio River in Three Rivers, Texas, a small town some forty miles southeast of Pleasanton, when he crossed the middle line and struck another Dodge Ram 1500 pickup, a 1998 model, driven by Walters, a forty-nine-year-old ranch hand. Heyden's blood-alcohol level was at least .147, nearly twice the legal limit. Heyden told the investigating officer that he had been fumbling with his phone when he drove into the other lane, but in a deposition two years later, he testified that he had

intended to commit suicide by driving off the bridge. He was convicted of intoxication assault[1] and driving while intoxicated[2] and sentenced to ten years' imprisonment.

Heyden is an admitted alcoholic with a history of drinking and driving. He was cited for driving while intoxicated in October 2009 in Illinois, where he was living at the time; in February 2012 in Texas, where he had moved; and on August 5, 2012, after losing control of his car and driving into a ditch. Because of the August 5 accident, Heyden bought the Caliber sixteen days later. He had surrendered his Illinois driver's license in June 2012 when he was issued a Texas license, but he had kept a photocopy of the Illinois license. He had surrendered his Texas license on August 5 when he refused a breathalyzer. But Allways did not attempt to investigate or inquire into Heyden's criminal record and was not aware of any of his past offenses.

"For entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). If Heyden were visibly intoxicated when he got the loaner, Allways could reasonably have anticipated he might have a wreck before he sobered up. But Allways could not have foreseen that Heyden would get drunk eighteen days later (after repairs were delayed and he lost his job) and drive his vehicle into Walters' vehicle.

---

[1] Intoxication assault is a third-degree felony. TEX. PENAL CODE § 49.07(c).

[2] Heyden had been convicted twice before for driving while intoxicated. Driving while intoxicated after two prior convictions for that offense is a third-degree felony. TEX. PENAL CODE §§ 49.04(b), 49.09(b)(2).

Accordingly, Allways has established that its providing Heyden a loaner was not a proximate cause of his injuring Walters eighteen days later. Even if Heyden were visibly intoxicated when he obtained the loaner, driving into Walters eighteen days later was not a natural and probable result of that intoxication. We have repeatedly explained that "the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause," which "is not established if the defendant's conduct or product does no more than furnish the condition that makes the plaintiff's injury possible." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995); *see also IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 800 (Tex. 2004); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991); *Bell v. Campbell*, 434 S.W.2d 117, 122 (Tex. 1968).

The trial court correctly granted Allways' motion for summary judgment. We therefore grant Allways' petition for review and, without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and reinstate that of the trial court.

**OPINION DELIVERED**: September 29, 2017