**Petition for Writ of Mandamus Conditionally Granted and Opinion filed January 21, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00676-CV

## IN RE THE CORDISH COMPANY AND BAYOU PLACE, L.P., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-72382**

## O P I N I O N

Relators The Cordish Company and Bayou Place, L.P. filed a petition for writ of mandamus asking this court to compel the Honorable Michael Gomez, presiding judge of the 129th District Court of Harris County, to vacate his July 27, 2020 order denying relators' amended motion to designate the United States Army Corps of Engineers (the "Corps") as a responsible third party pursuant to Civil Practices and Remedies Code section 33.004. We conditionally grant relief.

## Factual and Procedural Background

The underlying lawsuit was filed by plaintiff Norberto Valles, and joined by intervenors Undrea Bailey, individually and as next friend of J.B., and Lillian Bailey. We refer to the Valles and Bailey parties collectively as the real parties in interest. It is alleged that in the aftermath of Hurricane Harvey, waters from nearby Buffalo Bayou flooded the underground parking garage beneath Bayou Place in downtown Houston and damaged electrical equipment. Real parties in interest alleged that relators' and other co-defendants' negligence injured two electricians—Norberto Valles and Undrea Bailey—while they attempted to repair the equipment. As a result of arcing and an explosion, Valles and Bailey suffered severe burns over thirty percent of their bodies.

Relators filed a motion to designate the Corps as a responsible third party. *See* Tex. Civ. Prac. & Rem. Code § 33.004. The trial court denied the motion but granted relators leave to amend their allegations. Relators then filed an amended motion, which alleged among other things:

1. Bayou Place, where plaintiffs sustained their injuries, is located in downtown Houston, directly adjacent to Buffalo Bayou.

2. Hurricane Harvey made landfall on the Texas Gulf Coast on August 25, 2017, then stalled over "[t]he Houston Metro. . . torrential rains fell in these locations near a stationary front." [sic]

3. The Corps operates two reservoirs known as the Addicks and Barker Reservoirs ("the Reservoirs"), upstream from Bayou Place. The Reservoirs captured Hurricane Harvey floodwaters during Hurricane Harvey and filled rapidly. Concerned by rising water levels in the Reservoirs, on August 28, 2017, the Corps began releasing floodwaters from the Reservoirs into Buffalo Bayou.

4. On August 29, 2017, the Corps "made increased controlled releases . . . to maintain control of the Addicks and Barker Dams." Prior modeling prepared by the Corps projected that the amount of water

2

it was releasing would flood areas downstream, including Bayou Place.

5. As predicted by the Corps, floodwaters inundated Bayou Place.

6. The Corps's decision as to the volume and timing of the Reservoir releases contributed to the severity of downtown Houston flooding. Governmental reports concluded that "[d]ownstream flooding due to dam releases" occurred. The Harris County Flood Control District concluded that "[w]ater level elevations and duration were influenced by the Corps' emergency releases during the extreme rainfall event as well as the subsequent releases to empty the Addicks and Barker Reservoirs."

7. The Corps's operation of the Reservoirs during Hurricane Harvey, including the volume and timing of water releases, caused floodwaters to inundate electrical equipment located in Bayou Place garage. No electrical equipment, or less electrical equipment, including the equipment that injured plaintiffs, would have been damaged absent the Corps's actions. The severity of damage to the equipment that injured the plaintiffs was exacerbated because floodwaters inundated electrical equipment for a longer period of time than would have occurred had the Corps operated the Reservoirs differently, released less water, or released water at a lower flow rate. Thus, according to relators, the Corps's "conduct and release of excessive floodwaters . . . caused the defect causing the Plaintiffs' injuries."

8. Plaintiffs were injured while attempting to repair the electrical equipment in Bayou Place that had been inundated when an "electrical accident" occurred.

9. Texas law imposes liability on governmental entities based on their exercise of control over waters resulting in damages downstream, even if such control causes damages on premises not owned by the governmental entity, or from waters not owned by the governmental entity. *Tex. Parks & Wildlife v. Wilson*, 991 S.W.2d 93 (Tex. App.—Austin 1999, pet. denied).

10. The Corps's decisions and conduct was the sole proximate cause, or a proximate cause, or a substantial contributing factor of plaintiffs'

3

injuries; the Corps was negligent; the Corps exercised control over the water, premises, and equipment at issue that renders them responsible; the Corps's design and failure to mitigate known flood-risks associated with extreme floodwater discharge rates of the Reservoirs rendered the Reservoirs defective or unreasonably dangerous; and, as a result, the Corps violated applicable legal standards.

Real parties in interest filed timely objections to relators' amended motion to designate the Corps as a responsible third party, arguing that relators cannot establish "legal cause" as to the proposed responsible third party because relators cannot and do not allege that the Corps "[did] more than furnish the condition that makes the plaintiff's injury possible." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995).

On July 27, 2020, the trial court signed an order sustaining the objections and denying leave to designate the Corps as a responsible third party. Relators seek mandamus relief in this court.

## Mandamus Standard

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by ordinary appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "Even if the reviewing court would have

4

decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id*.

Ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely filed section 33.004(a) motion to designate a responsible third party because in this situation, the relator does not have an adequate remedy by appeal. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam).

**Applicable Standards for Designating Responsible Third Parties**

Civil Practice and Remedies Code section 33.004(a) provides, "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a). Opposing parties have the right to object to the motion for leave, and when a timely objection is filed, "the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id*. § 33.004(g).

The applicable procedural rule is rule 47, which is our "notice" pleading rule. *In re CVR Energy, Inc*., 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). "Under the notice-pleading standard, fair notice is achieved 'if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant.'" *Id*. (quoting *In re Greyhound Lines*, No. 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.)); *see also Low v. Henry*, 221 S.W.3d 609,

5

612 (Tex. 2007). A petition is sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated in the pleading, even if an element of the cause of action is not specifically alleged. *Dodd v. Savino*, 426 S.W.3d 275, 292 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *2. In determining whether to grant a motion for leave to designate a responsible third party, the trial court is restricted to evaluating the sufficiency of the facts pleaded by the movant and is not permitted to review the truth of the allegations or consider the strength of the evidence. *See In re CVR Energy, Inc.*, 500 S.W.3d at 80 (citing *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, no pet.)); *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *2; *In re Arthur Andersen*, 121 S.W.3d 471, 478 n.20 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

Though a responsible third party may be designated by notice pleading and the applicable requirements are not stringent,[1] the alleged wrongful conduct of a party so designated will not necessarily be considered by the factfinder. Section 33.004(*l*) provides that a party may move to strike the designation of a responsible third party if, after adequate time for discovery, "there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *Id*. § 33.004(*l*). The court must grant a motion to strike the third-party designation unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated party's responsibility for the claimant's injury or damage. *Id*. It is in the context of subsequent proceedings—such as a motion to strike, motion for summary judgment, or objection to submission of a jury question—that the court

---

[1] *See In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *2.

6

is to consider objections to the sufficiency of the evidence against the allegedly responsible third party. *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *2.

## Analysis

Relators argue that the trial court abused its discretion by denying it leave to designate the Corps as a responsible third party because the allegations in their amended motion are more than sufficient to meet the applicable "notice" pleading standard, which is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant. *E.g.*, *In re CVR Energy, Inc.*, 500 S.W.3d at 80. In response, real parties in interest contend that even taking relators' allegations as true, they are insufficient to establish legal causation as required by controlling Texas Supreme Court authority[2] because real parties in interest did not enter the garage to repair its damaged electrical equipment until twenty days after the Corps released water from the Reservoirs and the garage was dry and free of floodwater by then.

Relators' amended motion to designate the Corps as a responsible third party alleged, among other things:

> . . . that the Corps's operation of the Reservoirs during Hurricane Harvey, and decisions with respect to how much floodwater would be released, and when, caused floodwaters to inundate electrical equipment at Bayou Place. Cordish and Bayou Place allege that no electrical equipment, or less

---

[2] Real parties in interest cite *Allways Auto Group, Ltd. v. Walters*, 530 S.W.3d 147, 149 (Tex. 2017); *IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798–803 (Tex. 2004); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007); and *Lear Siegler v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991). Significantly, none of these decisions involved whether the trial court properly sustained an objection to a responsible third party designation; rather, each cited case reviewed whether the trial court properly granted summary judgment based on the lack of legally sufficient evidence of proximate cause.

electrical equipment, including the equipment which injured Plaintiffs at Bayou Place, would have been damaged. . . .

Based on the foregoing, Cordish and Bayou Place allege the Corps's decisions and conduct described in the foregoing paragraphs was the sole proximate cause, or a proximate cause, or a substantial contributing factor of Plaintiffs' injuries; . . . .

These allegations of proximate cause are sufficient to meet Texas's low threshold for notice pleading because real parties in interest can ascertain from them the nature and basic issues of the controversy regarding causation, and what type of evidence might be relevant. This is all that section 33.004(g) requires. *See In re CVR Energy, Inc.*, 500 S.W.3d at 80.

Our conclusion finds support in several appellate decisions that have held comparable proximate cause allegations sufficient to require the trial court to grant a motion for leave to designate a responsible third party. *See, e.g.*, *In re CVR Energy, Inc.*, 500 S.W.3d at 80; *In re Lewis Casing Crews, Inc.*, No. 11-14-00137-CV, 2014 WL 3398170, at *3 (Tex. App.—Eastland July 10, 2014, orig. proceeding) (mem. op.); *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *3; *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 62. For example, the court of appeals in *In re Greyhound Lines* held sufficient an "alleg[ation] that [the responsible third party's] acts or omissions were the 'proximate cause' of the accident." In making such an allegation, the relators "provided fair notice that they contend the acts or omissions of [the responsible third party] were a substantial and foreseeable factor in bringing about the injuries alleged by [the plaintiff], and without that negligence, the harm alleged in [plaintiff's] petition would not have occurred." *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *3. Accordingly, we hold that the trial court clearly abused its discretion by denying relators' motion to designate the Corps as a responsible third party.

8

Real parties in interest argue that relators' allegations cannot establish legal cause as a matter of law, and that this inadequacy is sufficient at the pleading stage to reject a motion to designate the Corps as a responsible third party. Their argument rests on the key factual premise that the Corps's decision to release water from the Reservoirs occurred twenty days before the explosion that injured Valles and Bailey, and thus, they say, did no more than furnish the condition that made the injury possible. Further, real parties in interest assert that the Bayou Place garage was already flooded at the time the Reservoirs were released. At this stage of the proceedings, however, a court may not consider the strength of controverting evidence or the truth of the allegations. *See In re CVR Energy, Inc.*, 500 S.W.3d at 80; *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at \*2. The allegations contained in relators' amended motion for leave, quoted above, plead sufficient facts concerning the alleged responsibility of the Corps to satisfy Texas's notice pleading requirements. *See* Tex. Civ. Prac. & Rem. Code § 33.004(g).

Having concluded that the trial court abused its discretion in denying relators' amended motion to designate the Corps as a responsible third party, we turn to whether relators may obtain adequate relief through the ordinary appeal process. The Supreme Court of Texas recently held that mandamus relief is appropriate in this context. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 783-84 (Tex. 2020) (orig. proceeding) (per curiam); *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding). "Allowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relators'] defense in ways unlikely to be apparent in the appellate record.'" *In re Coppola*, 535 S.W.3d at 509 (quoting *In re CVR Energy, Inc.*, 500 S.W.3d at 81–82) (alteration in *In re Coppola*). Accordingly, we hold that relators lack an adequate remedy by ordinary appeal.

## Conclusion

For the above reasons, we conditionally grant the petition for writ of mandamus, and direct the trial court to vacate its order sustaining the objection of real parties in interest and denying relators leave to designate the Corps as a responsible third party. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

/s/    Kevin Jewell
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.