**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 9, 2023.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-23-00267-CV**

## IN RE THE WILLIAMS COMPANIES, INC, JOHN DEARBORN, AND DAVID CHAPPELL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-53287**

## MEMORANDUM OPINION

On April 19, 2023, relators the Williams Companies, Inc, John Dearborn, and David Chappell (collectively, the "Williams Parties") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App.

P. 52. In the petition, the Williams Parties asks this Court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate his April 6, 2023 order denying their motion for leave to designate responsible third party and grant the motion. We conditionally grant the petition.

## BACKGROUND

Williams is an energy infrastructure company engaged in the transportation of natural gas and processing of natural gas liquids and olefins throughout North America. One of Williams' affiliates, Williams Energy Canada ULC ("Williams Canada"), was engaged in the sale of polymer grade propylene and made proposals to engage in the business of dehydrogenating propane for the manufacture of polymer grade propylene. Chappell was president of Williams Canada from 2012 to 2016. Dearborn was senior vice president of NGL & Petchem Services for Williams from 2013 through 2017. North American Polypropylene ULC ("NAPP") is an affiliate of a global marketing, distribution, and project development company that provides products and services to users of petrochemical products.

In 2013, Williams advised NAPP that it was planning to build and operate a propane dehydrogenation plant in Canada (the "Williams Plant"). The end-product was to be a polymer grade propylene—the feedstock for the manufacture of polypropylene—a thermoplastic used in consumer and industrial applications like plastics, textiles, and automotive components. Williams sought to convince NAPP to commit to build and operate a polypropylene facility to be located adjacent to the Williams Plant, to enter into a long-term agreement to coordinate the construction

2

of the two facilities, and to commit, on a take-or-pay basis, to purchase most or all of the production of the propylene produced at the Williams Plant.

On August 19, 2015, the propylene purchase and sales agreement was executed. The following month, in September 2015, Williams announced that it had signed a merger agreement by which it would be acquired by a natural gas pipeline operator. Williams subsequently admitted that it had intended to defer development of the Williams Plant and cut spending.

On August 11, 2016, NAPP sued the Williams Parties in Harris County, alleging fraud and negligent representation in connection with the negotiation of the contract for the construction of petrochemical processing plants in Canada.[1] According to NAPP, Williams represented that it was ready, willing, and able to proceed with the project and that it was fully committed to the project for the long term. However, unbeknownst to NAPP, Williams was considering selling its Canadian assets, including the Williams Plant. According to NAPP, it was important for Williams to keep NAPP in the project so that Williams could sell its Canadian assets at an attractive price. NAPP claimed that, but for the misrepresentations and omissions, NAPP would not have made pre-contractual expenditures or set aside "millions" for financing the project but instead would have pursued other valuable opportunities.

---

[1] NAPP also sued Williams in Canada on August 11, 2016.

3

In November 2016, NAPP served requests for disclosure under Rule 194.2. *See* Tex. R. Civ. P 194.2. In March 2017, the Williams Parties responded to the requests for disclosure.

On December 5, 2016, the Williams Parties moved to dismiss the Texas suit based on the forum-selection clause in the NAPP contract requiring any suit to be filed in Canada, the major transaction venue statute, and forum non conveniens. On June 15, 2018, NAPP filed a fifth amended petition in which several new parties were joined as plaintiffs[2] (the "Goradia Parties") with a new damages theory. In the fifth amended petition, NAPP and the Goradia Parties asserted that the Goradia Parties "are either principals of NAPP or prospective investors in NAPP who set aside funds on behalf of NAPP for its participation in this project . . . and who would have pursued alternative projects in lieu of that project."

On July 13, 2018, the Williams Parties filed an amended motion to dismiss, in which they addressed the addition of the Goradia Parties. On August 8, 2018, the trial court denied the amended motion to dismiss. The Williams Parties sought mandamus relief in this court. On March 5, 2020, we denied the Williams Parties' petition for writ of mandamus.

---

[2] The additional plaintiffs are: Goradia Family Interests, Ltd.; Vijay Goradia; Marie Goradia; Sapphira Goradia, as Trustee of Kevin Goradia 2007 Trust No. One (D) and Sapphira Goradia 2007 Trust No. One (D); Lissen Ney, as Trustee of Kevin Goradia 2007 Trust No. One (D) and Sapphira Goradia 2007 Trust No. One (D); Hemant Goradia, Individually, and as Trustee of Kevin Goradia 2007 Trust No. One (D), Sapphira Goradia 2007 Trust No. One (D), and Hemant Goradia 2003 Gift Trust; KSMV Investments, Ltd.; VMSK Interests, Ltd.; and Indra P. Goradia, as Trustee of Vishal Hemant Goradia 2012 Trust, Preeya Rani Goradia 2012 Trust, Vishal Hemant Goradia 2011 Trust, Preeya Rani Goradia 2011 Trust, and Hemant Goradia 2003 Gift Trust.

Also, on July 13, 2018, the Williams Parties filed their objection and motion to strike intervention of the Goradia Parties. The Williams Parties stated that, since 2016, NAPP had amended its pleading five times in an ongoing attempt to maintain the underlying lawsuit in Texas rather than in Canada where a "duplicative suit" was pending. The Williams Parties argued that NAPP had engaged in "procedural maneuvering in the Texas action," which "involved repeated shuffling of the parties, relabeling its claims, and recharacterizing its factual allegations and purported damages in multiple attempts to distinguish them from those already pending in Canada."

The Williams Parties complained that the new parties "intervened" as plaintiffs, asserting claims that mirror those asserted by NAPP. NAPP and the Goradia Parties responded that the Goradia Parties were not asserting claims for corporate injuries suffered by NAPP, but rather for injuries they had personally suffered when they set aside their family funds because of the Williams Parties' misrepresentations. Therefore, the Goradia Parties claimed that they have a justiciable interest in this case and could have sued on their own. On July 23, 2018, the trial court denied the motion to strike. The Williams Parties sought mandamus relief in this court. On March 5, 2020, we denied the Williams Parties' petition for writ of mandamus.

On September 21, 2021, the Goradia Parties served Rule 194.2 requests for disclosures. On October 21, 2021, the Williams Parties responded to the Goradia Parties' requests for disclosures and amended their responses to NAPP's requests for disclosures to name possible responsible third parties.

On March 16, 2023, the Williams Parties moved to designate Nitin Dalal, who was a "NAPP Negotiator," as a responsible third party.[3] The Williams Parties asserted that Dalal was alleged to have been acting in a representative capacity on behalf of the Goradia Parties in connection with negotiations and conveying information from those negotiations, upon which the Goradia Parties claimed to have relied when making investment decisions. In other words, the alleged reliance by the Goradia Parties was not based on anything the Williams Parties conveyed to them but on what Dalal did or did not tell them. The Williams Parties set forth a number of purported misrepresentations and omissions. According to the Williams Parties, Dalal owed a common law duty and a fiduciary duty, among other legal duties, to provide full and accurate information to the Goradia Parties, which he did not do. The Williams Parties contended that Dalal, as a NAPP Negotiator, qualifies as a responsible third party because he proximately caused or contributed to causing the harm for which the Goradia Parties seek the recovery of damages.

NAPP and the Goradia Parties responded that the Williams Parties failed to timely disclose potentially responsible third parties because they waited more than five years after suit had been filed, more than four years after the addition of the Goradia Parties, and more than a year after any applicable limitations had expired to seek to name a potential responsible third party.

---

[3] The Williams Parties also originally sought to designate Hemant Goradia and Vijay Goradia as responsible third parties, but no longer seek to designate them as responsible third parties.

The Williams Parties replied that their motion concerned only responsibility for the Goradia Parties' damage claims filed on June 15, 2018. More than three years later, on September 21, 2021, the Goradia Parties served the Williams Parties with their request for disclosures. Thirty days later, on October 21, 2021, the Williams Parties responded and identified Dalal as a potentially responsible third party in connection with the Goradia Parties' claims. Therefore, with respect to the Goradia Parties' claims, the Williams Parties contended that they timely designated Dalal as a responsible third party. On April 6, 2023, the trial court signed the order denying the motion for leave to designate.

The Williams Parties bring this original proceeding, contending that the trial court abused its discretion by denying their motion for leave to designate Dalal as a responsible third party and they do not have an adequate remedy by appeal.

## STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Ordinarily, no adequate remedy by appeal exists from the erroneous denial of a timely filed motion to designate a

7

responsible third party. *In re YRC, Inc.*, 646 S.W.3d 805, 810 (Tex. 2022) (orig. proceeding) (per curiam).

ANALYSIS

Chapter 33 of the Texas Civil Practices and Remedies Code sets forth the Texas proportionate responsibility law. Tex. Civ. Prac. & Rem. Code §§ 33.001–33.017. "These statutes allow a tort defendant to designate as a responsible third party a person who is alleged to have caused in any way the harm for which the plaintiff seeks damages." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81–82 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (internal quotation marks & citations omitted); *see also* Tex. Civ. Prac. & Rem. Code § 33.011(6) (defining "responsible third party" as "any person who is alleged to have caused or contributed to causing in anyway the harm for which recovery of damages is sought").

Section 33.04 permits a tort defendant to designate a person as a responsible third party by filing a motion "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Tex. Civ. Prac. & Rem. Code § 33.004(a). The trial court "shall grant leave to designate . . . a responsible third party" unless another party objects within fifteen days after service of the motion. *Id.* § 33.004(f). When the defendant's motion is timely but filed "after the applicable limitations period on the cause of action has expired with respect to the responsible third party," the defendant may not designate the person as a responsible third party "if the defendant has failed to comply with its obligations,

8

if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d).

It is undisputed that the Williams Parties filed their motion for leave more than 60 days before the May 15, 2023 trial setting, but also that the statute of limitations for claims against Dalal had expired. *See id.* § 33.004(a). The Williams Party designated Dalal as a responsible third party in their response to the Goradia Parties' September 21, 2021 request for disclosures 30 days after having been served. The Williams Parties, therefore, assert that their designation of Dalal as a responsible third party was timely, even though the statute of limitations had run. *See id.* § 33.004(d).

NAPP and the Goradia Parties, on the other hand, argue that the Williams Parties' duty to designate Dalal began with NAPP's November 2016 request for disclosures. NAPP and the Goradia Parties further contend that, after the Williams Parties failed to disclose Dalal in response to NAPP's request for disclosure, the Williams Parties' duty to supplement their response began in 2018, when the Goradia Parties joined the lawsuit. NAPP and the Goradia Parties posit that this court should "apply the basic principle that later-added parties can rely on earlier responses to discovery." *See* Tex. R. Civ. P. 193.5(a)(2) ("If a party learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response . . . to the extent that the written discovery sought other information, unless the additional or corrective information

has been made known to the other parties in writing, on the record at a deposition, or through other discovery responses.").

The Williams Parties reply that the Goradia Parties' argument that the Williams Parties' disclosure was not timely because of the duty to supplement their response to NAPP's request for disclosures was not raised in the trial court. It is now waived in this proceeding. *See In re Cornerstone Healthcare Holding Grp., Inc.*, 348 S.W.3d 538, 542 (Tex. App.—Dallas 2011, orig. proceeding) (refusing to address real party in interest's arguments in mandamus proceeding because they were not raised in trial court); *In re MHI P'ship, Ltd.*, No. 14-07-00851-CV, 2008 WL 2262157, at *8 (Tex. App.—Houston [14th Dist.] May 29, 2008, orig. proceeding) (mem. op.) (refusing to address real party in interest's arguments in mandamus proceeding because it did not raise arguments in trial court.

Moreover, NAPP and the Goradia Parties never filed the November 2016 request for disclosures or the Williams Parties' March 2017 response in the trial court and, therefore, such request and response were not before the court and could not have been a basis on which to deny the motion for leave to designate responsible third parties. Instead, the only document attached to the Goradia Parties' objection to the motion for leave to designate responsible third parties was the William Parties' 2021 disclosure in response to the Goradia Parties' request for disclosures. The Goradia Parties never argued that the responses to their request for disclosures were untimely.

The Goradia Parties joined the case "with a new damages theory," alleging that they had received the Williams Parties' misrepresentations and omissions via an

10

intermediary. The fifth amended petition did not name the intermediary as a defendant. The Goradia Parties requested disclosures in 2021, even though they had joined the suit as plaintiffs in 2018 and NAPP had requested disclosures from the Williams Parties in 2016. The Williams Parties moved to designate Dalal as a responsible third party only in connection with the Goradia Parties' claims. If a duty for the Williams Parties to supplement their responses to NAPP's request for disclosures had existed, the Goradia Parties would not have needed to make their own request for disclosures. Therefore, the Williams Parties had no duty to supplement the disclosures to NAPP's request.

Even though the statute of limitations as to claims against Dalal had expired in 2019, the Goradia Parties waited until 2021 to serve request for disclosures on the Williams Parties. The Williams Parties disclosed Dalal within 30 days of service of the Goradia Parties' request for disclosures. The Williams Parties also timely filed their motion for leave to designate more than 60 days before the trial date.

Because the Williams Parties complied with its obligation to timely disclose Dalal in response to the Goradia Parties' request for disclosure and their motion for leave to designate was timely filed, the Williams Parties could designate Dalal as a responsible third party, even though the statute of limitations as to claims against Dalal had expired. *See* Tex. Civ. Prac. & Rem. Code § 33.004(a), (d).

We conclude that the trial court abused its discretion by denying the Williams Parties' motion for leave to designate Dalal as a responsible third party. Also, the Williams Parties do not have an adequate remedy by appeal. *See YRC, Inc.*, 646 S.W.3d at 810.

## CONCLUSION

Having determined that the trial court abused its discretion and the Williams Parties do not have an adequate remedy by appeal, we conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its April 6, 2023 order denying the Williams Parties' motion for leave to designate Dalal as a responsible third party and grant the motion. We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to comply.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Wilson.