**Opinion issued December 19, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00902-CV

_____

## IN RE SOUTHWESTERN MOTOR TRANSPORT, INC. AND JEREMY TREMAINE PARSON, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

On Friday, November 15, 2024, relators Southwestern Motor Transport, Inc. and Jeremy Tremaine Parson filed a petition for writ of mandamus claiming that the trial court abused its discretion in orally ruling on November 14, 2024 that phase one of the bifurcated trial under Texas Civil Practice and Remedies Code section 72.052 could include the submission of evidence, jury argument, and a jury charge

concerning the gross negligence of relator Jeremy Tremaine Parson.[1]  Relators filed a motion for emergency temporary relief to stay the trial set to begin on Monday, November 18, 2024.  The Court granted the motion and ordered the trial stayed pending disposition of the petition.  Real party in interest Ubaldino Monroy Hernandez filed a response and relators filed a reply to the response.

We grant the petition.

## Background

This case arises from a lawsuit for damages allegedly caused by a commercial motor vehicle accident.  Relator Jeremy Tremaine Parson was driving a tractor-trailer owned by relator Southwestern Motor Transport, Inc. ("SMT").  The tractor-trailer collided with a pickup truck in which real party in interest Ubaldino Monroy Hernandez was a passenger.  Hernandez alleged injuries to his leg, a traumatic brain injury, and other injuries.  Hernandez and others not parties to this proceeding filed suit against SMT and Parson, alleging that both were negligent and grossly negligent.

SMT stipulated that "[p]ursuant to Chapter 72 of the Texas Civil Practice and Remedies Code," Parson was an employee of SMT who was operating the motor

---

[1]  The underlying case is *Hector Alfredo Garcia Mendoza, Sergio Aragon, Giovani Garcia, Melquisedec Perez Genis, and Ubaldino Monroy Hernandez v. Southwestern Motor Transport, Inc. and Jeremy Tremaine Parson*, cause number 2023-60837, pending in the 125th District Court of Harris County, Texas, the Honorable Kyle Carter presiding.

vehicle at issue and was within the course and scope of his employment when the accident occurred." SMT and Parson also filed a motion to bifurcate the trial pursuant to section 72.052, which the trial court granted by order signed February 28, 2024.

In early November 2024, SMT and Parson filed an objection[2] and trial brief on the presentation and submission of phase two evidence in the first phase of trial and an objection to and trial brief regarding pre- and post-accident conduct, driving incidents, citations, and criminal allegations. Hernandez then filed a first amended petition. SMT and Parson then filed a supplemental admission admitting that Parson was an employee of SMT, was in furtherance of SMT's business at the time of the accident, that Parson failed to use ordinary care in his operation of the vehicle at the time of the accident, and that this failure was the proximate cause of the accident. SMT and Parson further admitted that SMT was vicariously liable for compensatory damages, if any, awarded by the jury, but did not admit that Hernandez sustained any injuries or damages in the accident and did not waive any evidentiary objections or affirmative defenses. SMT and Parson also did not admit that they were in any way grossly negligent and did not admit vicarious liability for any alleged grossly negligent conduct.

---

[2] It is unclear to what SMT and Parson were objecting, but the hearing record indicates that the trial court requested briefing concerning the presentation and submission of evidence in the first and second phases of the bifurcated trial.

3

Hernandez then filed a trial brief regarding proposed evidentiary matters for phase one and phase two of trial. Hernandez noted that during a hearing on November 11, 2024, the trial court invited briefing from both parties on how the trial should proceed under Chapter 72 of the Texas Civil Practice and Remedies Code. The sworn record submitted by SMT and Parson contains a draft of a transcript of a hearing held on November 14, 2024 (court reporter entitled it "rough draft only"). During this hearing, the trial judge stated the following:

> THE COURT: Okay. At this time I am going to make a ruling on how we're going to go forward with the trial. I think this is a novel issue, a novel case with new interpretation of the statute that we don't have much guidance on. I've been given two competing view points on what we need to do here. We have former Chief Justice of the Texas Supreme Court weighing in. I'm going to try to get this right the first time. I think it would be prudent to follow the suggestions as offered by the former Chief Justice of the Texas Supreme Court. And so, that's what I'm going to do in terms of how we're going to proceed with trial and specifically framing the issues for the jury charge.
>
> . . . .
>
> [Relator's counsel]: One thing, Your Honor. It's my understanding that your ruling is that you're going to allow the gross negligence of Mr. Parson to be an issue in phase one. Not only to admit evidence on it, but also to ask the jury the questions as to liability for gross negligence and damages because that's what the brief plaintiffs file [*sic*] wants. I see you nodding, is that a yes?
>
> THE COURT: That's a yes.
>
> [Relator's counsel]: Okay. And so, you're overruling our Chapter 72 evidentiary objections based on the language of the statute, that gross negligence of the driver has no part in phase one on a jury question.
>
> THE COURT: That's where I'm at, right?

4

[Real parties in interest's counsel]: Yes, sir. Except we're not to ask Parson to be awarded damages in phase one. That goes to phase two.

MS. STINSON: Now I'm confused.

[Real parties in interest's counsel]: It's a chapter 41 case. You guys invoked it. The way you try chapter 41 is you put on evidence of negligence and you put on evidence of liability for punitive damages and then in phase two you put on evidence of damages.

[Relator's counsel]: So to the extent it is unclear, we are invoking Chapter 72. The Court has signed an order invoking Chapter 72. We are not invoking Chapter 41 and gross negligence has no place in phase one.

Based on this passage, the trial court orally ruled that Hernandez could offer evidence, present jury argument, and submit jury questions concerning Parson's gross negligence during the first phase of the trial. SMT and Parson then filed their petition for writ of mandamus the following day.

**Standard of Review**

To establish entitlement to mandamus relief, a relator must show both that the trial court abused its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). To hold that a trial court has abused its discretion, the court must determine that the trial court's actions were either "arbitrary or unreasonable" or "without reference to any guiding principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Even when the law is unsettled, the determination of what the law is or its

5

application to the facts is not within the trial court's discretion. *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). A clear failure to analyze the law or apply it correctly is an abuse of discretion. *See id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

**Analysis**

Relators contend the trial court abused its discretion in ruling that evidence concerning Parson's alleged gross negligence and jury argument and jury issues concerning his alleged gross negligence should be permitted during phase one of the bifurcated trial because this ruling violates the plain language of section 72.052 of the Texas Civil Practice and Remedies Code. Relators also assert that they lack an adequate remedy by appeal. We agree with relators.

**A. Rules of statutory construction**

Because this proceeding concerns construction of a statute, this presents a question of law which we review de novo. *See Tex. Dept. of Banking v. Mount Olivet Ass'n*, 27 S.W.3d 276, 283 (Tex. App.—Austin 2000, pet. denied) (citing *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989)); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Although the "overriding goal of statutory construction is to discern the Legislature's intent, we identify that intent by looking to the statute's plain language." *RSS MSBAM2014C17-TX HAH, LLC v.*

*Houston Airport Hospitality, L.P.*, No. 01-21-00042-CV, 2024 WL 3995434, at \*21 (Tex. App.—Houston [1st Dist.] Aug. 30, 2024, no pet.) (mem. op.) (citing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam)). "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *City of Laredo v. Laredo Merchants Ass'n*, 550 S.W.3d 586, 597 (Tex. 2018) (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). "'If the statute is clear and unambiguous, we must apply its words according to their common meaning without resort[ing] to rules of construction.'" *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 20 (Tex. 2016) (quoting *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)). A court "may not add language that is not 'implicitly contained' in the statute's language." *CVR Energy*, 500 S.W.3d at 75. If the text of the statute is clear, that text is determinative of legislative intent. *Entergy*, 282 S.W.3d at 437. "Only when those words are ambiguous, do we 'resort to rules of construction or extrinsic aids.'" *Id*. (quoting *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)).

**B. The trial court abused its discretion construing the plain language of the statute to conclude that the gross negligence, if any, of the employee was admissible in phase one**

The statute at issue in this case is section 72.052. *See* TEX. CIV. PRAC. & REM. CODE § 72.052. This statute provides for a bifurcated trial on the motion of the defendant. *See id.* § 72.052(a).

***1. Intent of statute shown by plain language of the text***

Section 72.052 provides for a bifurcated trial on a defendant's motion and once the defendant has requested bifurcation, the case is bifurcated in the following manner:

> (c) The trier of fact shall determine liability for and the amount of compensatory damages in the first phase of a bifurcated trial under this section.

> (d) The trier of fact shall determine liability for and the amount of exemplary damages in the second phase of a bifurcated trial under this section.

*Id.* § 72.052(c), (d). As relators argue, these subsections clearly indicate that the first phase consists of a determination of liability for ordinary negligence and compensatory damages and the second phase consists of a determination of liability for gross negligence and exemplary damages. Section 72.052 refers to "the defendant" in subsection (a) but does not differentiate between the employer defendant and the employee-driver defendant. *See id.* Section 72.051(2)(B) defines a civil action involving a defendant who either operated the commercial motor

8

vehicle involved in the collision or who owned, leased, or "otherwise held or exercised legal control over a commercial motor vehicle or operator of a commercial motor vehicle involved in the collision." *Id.* § 72.051(2)(B).

Hernandez disagrees, asserting that the Legislature intended for the first phase to concern the employee driver and the second phase to concern the employer, but Hernandez provides no citation to Legislative history establishing that intent. Because the best indicator of intent is the plain language of the statute itself, it is clear that the Legislature intended to separate the trial into phase one dealing with ordinary negligence of the employee and employer defendants and compensatory damages for that negligence. *See Lippincott*, 462 S.W.3d at 509 (in construing any statute, we must give effect to Legislative intent, "which requires us to first look to the statute's plain language.").

However, even if the statutory language is clear, the Supreme Court of Texas has held that we can consider other factors, "including: the object sought to be obtained; the circumstances of the statute's enactment; the legislative history; the common law or former statutory provisions, including laws on the same or similar subjects; the consequences of a particular construction; administrative construction of the statute; and the title, preamble, and emergency provisions." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

Looking to the Legislative history of this statute, which was then House Bill No. 19, the authors/sponsors stated their intent to "strengthen the Civil Practice and Remedies Code by ensuring legitimate evidence directly relevant to causation and injuries arising from a commercial vehicle accident is presented to jurors without prejudice." Tex. H.B. 19, Committee Report, 87th Leg., R.S.(2021). No statement in the legislative history indicates an intent at odds with the plain text of the statute.

The plain language of the statute provides for phase one to concern liability for and amounts of compensatory damages for ordinary negligence, which is applicable to both the employee and employer. *See* TEX. CIV. PRAC. & REM. CODE § 72.052(c). Just as plainly, subsection (d) provides that phase two is for the plaintiff's allegations of liability for and the amount of exemplary damages for gross negligence, meaning that gross negligence claims against the employer and employee will occur in phase two. *See id.* § 72.052(d); *see also Trejo-Munoz v. Henderson*, 615 F. Supp. 558, 560 (S.D. Tex. 2022) (observing that section 72.052 provides for bifurcation that "has the effect of splitting the jury trial into a compensatory liability and damages phase and a punitive liability and damages phase"); Carlos Rincon, *A Civil Defense Lawyer's Perspective on House Bill 19*, 38th Annual Advanced Personal Injury Law at 1 (2022) (explaining that House Bill 19 offers bifurcated trial, and once bifurcation is triggered, phase one of trial is limited to proving ordinary negligence against driver and negligent entrustment

10

against employer and compensatory damages, and phase two is limited to proving gross negligence against both employee-driver and employer/trucking company owner and exemplary damages). Reading the plain language of these two subsections, the statute is not silent concerning when a plaintiff presents evidence of the gross negligence of the employee—the statute plainly states that evidence of gross negligence is presented during phase two, regardless of whether the plaintiff alleged gross negligence and seeks exemplary damages against the defendant employer or the defendant employee or both. *See* TEX. CIV. PRAC. & REM. CODE § 72.052(c), (d). Accordingly, to the extent the trial court ruled that proof of Parson's alleged gross negligence and exemplary damages for his alleged gross negligence could be offered and included in jury argument and the jury charge during phase one, it abused its discretion.

### 2. *Plain language of section 72.052 can be harmonized with other provisions*

Hernandez next asserts that the trial court did not abuse its discretion because its ruling "was the best way to harmonize the rest of the statutory provisions and the purposes for which they were enacted." Indeed, we "must read the statute as a whole and not just in isolated portions." *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). "If the statutory language is unambiguous, we must

interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute." *Id.*

Hernandez points to subsection 72.052(e) and contends that this subsection indicates the Legislature's intent to permit evidence concerning the ordinary negligence of the employer to be presented in phase two and, if that is true, then the statute is silent as to when to present the gross negligence of the employee. Although courts must consider a statute as a whole and in a manner that harmonizes all of the provisions, Hernandez offers a strained construction when subsection 72.052(e) is easily harmonized with sections 72.052(c) and (d).

Subsection (e) provides:

(e) For purposes of this section, a finding by the trier of fact in the first phase of a bifurcated trial that an employee defendant was negligent in operating an employer defendant's commercial motor vehicle may serve as a basis for the claimant to proceed in the second phase of the trial on a claim against the employer defendant, such as negligent entrustment, that requires a finding by the trier of fact that the employee was negligent in operating the vehicle as a prerequisite to the employer defendant being found negligent in relation to the employee defendant's operation of the vehicle. This subsection does not apply to a claimant who has pursued a claim described by this subsection in the first phase of a trial that is bifurcated under this section.

Tex. Civ. Prac. & Rem. Code § 72.052(e). The last sentence of this subsection indicates that a plaintiff may, consistent with subsection (c), pursue a claim for liability and compensatory damages against an employer for ordinary negligent entrustment in phase one. But this subsection also allows a plaintiff to pursue a

12

claim for negligent entrustment during phase two since a claim for negligent entrustment requires a finding that the employee defendant was negligent in operating the commercial motor vehicle. *See id.* Thus, subsection (e) provides a plaintiff with the option of pursuing negligent entrustment against the employer either during phase one or phase two. This exception to the bifurcation set out in subsections 72.052(c)-(d) does not render the statute silent concerning when to present evidence of a claim of gross negligence against the employee—subsection 72.052(d) clearly provides that presenting evidence concerning the employee's liability for gross negligence occurs during phase two. *See id.* § 72.052(d).

Although subsection 72.052(e) permits a plaintiff to pursue an ordinary negligence claim against the employer for negligent entrustment during either phase, another statutory provision allows the employer to limit this evidence and proof of damages to phase two. Section 72.054 permits an employer defendant to stipulate that, at the time of the collision, the person operating the commercial motor vehicle was the defendant's employee and was acting within the scope of employment. *See* TEX. CIV. PRAC. & REM. CODE § 72.054(a). And, if the employer stipulates this, and trial is bifurcated, the plaintiff may not present evidence of the employer's ordinary negligence, such as with a claim of negligent entrustment in the first phase. *See id.* § 72.054(b). Subsection (b) provides:

(b) Except as provided by Subsection (c), if an employer stipulates in accordance with Subsection (a) and the trial is bifurcated under Section 72.052, a claimant may not, in the first phase of the trial, present evidence on an ordinary negligence claim against the employer defendant, such as negligent entrustment, that requires a finding by the trier of fact that the employer defendant's employee was negligent in operating a vehicle as a prerequisite to the employer being found negligent in relation to the employee defendant's operation of the vehicle. This does not prevent a claimant from presenting evidence allowed by Section 72.053(b).[3]

Tex. Civ. Prac. & Rem. Code § 72.054(b).

Hernandez argues that subsection 72.054(b) cannot be harmonized with section 72.052, but we disagree. Subsection 72.054(b) does not conflict with bifurcation set out in subsections 72.052(c)–(d), but instead permits an employer to stipulate to respondeat superior, and if it stipulates to this, it prevents the plaintiff from presenting evidence in the first phase against the employer defendant for claims such as negligent entrustment. *See id.* § 72.054(b).

Construing the statute to permit evidence of liability for Parson's alleged gross negligence during phase one not only violated the plain language of the statute but was not necessary to harmonize subsections 72.052(c)–(d) with other statutory provisions. To the extent the trial court determined that it could ignore the plain

---

[3]    Section 72.053(b) concerns the requirement for admissibility of evidence of a defendant's failure to comply with a regulation or standard in the first phase of trial. *See* Tex. Civ. Prac. & Rem. Code § 72.053(b).

14

language of subsection 72.052(c) and (d) in an attempt to harmonize it with other provisions, the trial court abused its discretion.

## B. Relators lack an adequate remedy by appeal

Relators argue that they lack an adequate remedy by appeal because their right to "critical statutory protections" will be "irretrievably lost without mandamus relief." Hernandez disagrees, arguing that relators have not shown that they lack an adequate remedy, the trial court's ruling is prejudicial, or that permitting the trying of the employee-driver's liability for gross negligence would taint the entire trial.

The requirement of no adequate remedy by appeal requires a "careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Prudential Ins.*, 148 S.W.3d at 136. To determine if a trial court's clear abuse of discretion can be remedied on appeal, we must engage in a "careful analysis of costs and benefits of interlocutory review." *In re Allen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008). This balancing of "jurisprudential considerations" depends upon circumstances, "guided by analysis of principles rather than simple rules that treat cases as categories." *Id.*

The Texas Supreme Court has stated the following concerning jurisprudential considerations:

Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgment, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*Prudential Ins.*, 148 S.W.3d at 136.

Although the trial court's ruling is interlocutory, it is significant and the case is exceptional because it represents the initial appellate court interpretation of section 72.052 and permits us to give necessary direction to the law. *See id.* Moreover, addressing this issue by mandamus will spare the parties and the public the waste of resources of the likely eventual reversal of improperly conducted proceedings. *See id.* Finally, the Supreme Court of Texas has noted that the most frequent use of "mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *McAllen Med. Ctr.*, 275 S.W.3d at 465. In this case, relators have a substantive right to bifurcation of trial proceedings with phase one concerning only liability for the employer's and employee-driver's ordinary negligence and the amount of

16

compensatory damages for that negligence. *See* TEX. CIV. PRAC. & REM. CODE § 72.052(c). The trial court's ruling that the plaintiff may present evidence of the employee-driver's gross negligence in phase one defeats the relators' substantive right to the statutory requirement of proof and submission of the employee-driver's gross negligence as well as exemplary damages in phase two, not in phase one.

We conclude that the balance of jurisprudential considerations tips in favor of granting mandamus relief. Once the statutory right to bifurcation of trial with trial of only ordinary negligence and compensatory damages in phase one is lost, the effect on the jurors in assessing damages could be irreparable. The effect of allowing evidence of Parson's gross negligence in the first phase of the bifurcated trial and its effect on an award of compensatory damages might not be quantifiable and defeats the plainly evident statutory purpose of separating the presentation of evidence of ordinary negligence and assessment of compensatory damages from the presentation of evidence of gross negligence and assessment of exemplary damages. Thus, we conclude that relators have established that they lack an adequate remedy by appeal.

**Conclusion**

The trial court abused its discretion in ruling that Hernandez may offer and seek submission of evidence, present jury argument, and submit a jury charge concerning Parson's alleged gross negligence during phase one of the trial.

17

Moreover, the trial court abused its discretion to the extent it ruled that submission of a jury charge concerning exemplary damages for Parson's gross negligence, if any, may occur during phase one. The petition for writ of mandamus is conditionally granted. We lift the stay imposed by order of November 18, 2024. We direct the trial court to vacate its November 14, 2024 oral ruling permitting the submission of evidence of Parson's alleged gross negligence, jury argument, and jury charge on Parson's alleged gross negligence and assessment of exemplary damages during phase one of the trial. The Court is confident that the trial court will comply with this Court's directive and the writ will issue only if it does not.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.